HELEN E. COLLINS *vs.* HOWARD W. PALMER *et al.*

MAY 22, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence brought against the defendants as trustees of the New York, New Haven & Hartford Railroad Company. The case is now before this court solely on the defendants' exception to the action of the trial justice in the superior court in denying their motion, made at the conclusion of all the evidence, that a verdict be directed in their favor.

It appears from the evidence that the plaintiff was injured August 23, 1941 when she fell, while alighting from a railroad train operated by the defendants as it was standing in the station at Westerly in this state. In her declaration she set out that the accident happened in the following manner: ". . . and while the plaintiff . . . was then and there about to alight therefrom, the said defendants, their agents and servants, carelessly and negligently caused an article of baggage,

to wit, a suitcase, to be placed upon and in the vestibule of the car from which the said plaintiff was then and there about to alight from said train, so that the said plaintiff .... struck and tripped against and over said article of baggage, and the said plaintiff was then and there thrown ... upon the steps of the car of said train ...."

The defendants' motion for a directed verdict in their favor was made on the ground that there was a material variance between the allegation of the defendants' negligence, as made in the plaintiff's declaration, and the proof submitted by her in support thereof. Such a variance, if established, is sufficient to prevent the plaintiff from sustaining her action. In *Shea* v. *First National Stores, Inc.*, 63 R. I. 85, at page 87, it was held: "The general rule is that if the plaintiff alleges in the declaration negligence in certain particulars as the sole foundation of the action, negligence in these particulars must be proven to sustain the action."

The plaintiff herself was her only witness on the question of how the accident happened. Her testimony in that connection was confused and indefinite. In any event, whether we construe the allegation of the declaration, that the defendants, by their agents and servants, "caused . . . a suitcase, to be placed ... in the vestibule of the car", as meaning that the defendants placed or directed the suitcase to be placed in the vestibule, or that they permitted it to be so placed, the proof is at variance therewith. It is clear from the plaintiff's own testimony that no suitcase was actually placed in the vestibule of the car by or at the direction of the defendants' agents and servants, and none was permitted by them to be so placed; and further that the plaintiff did not strike and trip against and over any suitcase while placed as described in her declaration. At best her testimony tended to show that the conduct of an unnamed person, who had hand luggage, and who was attempting to board the car from the station platform while the plaintiff was on the car steps attempting to alight therefrom, caused her to fall.

In the instant case the plaintiff's declaration contains only one count. The defendants are alleged therein to have been negligent in a certain definite particular which, therefore, became the foundation of this action. Under such conditions the defendants are entitled to insist that if plaintiff is to be permitted to sustain her action her proof must support and not vary from those allegations. In our judgment, the case of *D'Onofrio* v. *First National Stores, Inc.*, 68 R. I. 144, cited to us by the plaintiff, is distinguishable and does not aid her in this case. There the court noted that the declaration may have been open to the criticism of being vague and indefinite, if not duplicitous. In addition the court held that, under the circumstances appearing in that case, there was no such material failure of proof nor such variance as would justify the direction of a verdict for the defendant on those grounds. However, in the case at bar, in our opinion, the evidence presented by the plaintiff, and upon which she relied to sustain her action, showed a material variance from the definite allegations of her declaration, especially in respect to the particular act of negligence with which she charged the defendants, and to the manner in which the accident was alleged to have happened.

The record shows that the trial justice was of the opinion that there was a material variance between the pleading and the proof and he stated that "the Court would ordinarily feel compelled to direct a verdict for the defendant." However, in order to protect any possible right of action the plaintiff might have under some other statement of her case, he refused to grant the defendants' motion for a directed verdict, but instead nonsuited the plaintiff.

The question whether or not the trial justice would have been justified in granting a motion by the plaintiff, at any stage in the proceedings, to amend her declaration to make it conform to the proof is not before us. In the circumstances under which the case was actually submitted to the superior court by the parties, and in view of the scope of the bill of exceptions now before us, we are of the opinion that the

denial by the trial justice of the defendant's motion for a directed verdict was error. In our judgment the instant case, under the circumstances, is governed by *Cranston Print Works Co.* v. *American Tel. & Tel. Co.,* 43 R. I. 88. There, as here, the trial justice, on a motion by the defendant for a directed verdict upon all the evidence as submitted by the parties, denied such motion and granted an involuntary nonsuit. This court, however, on the record before it in that case held that this ruling was erroneous, and at page 93 of its opinion stated: "The trial court can not at this stage of the proceedings order an involuntary nonsuit, and thereby compel the parties to engage in further litigation. To permit this to be done at the close of the testimony would be to deprive the defendant of a right to have a decision on the merits of the entire case." The defendants' exception to the denial of their motion for a directed verdict is, therefore, sustained.

On June 5, 1944, the plaintiff may appear before this court and show cause, if any she has, why the case should not be remitted to the superior court with direction to enter judgment for the defendants.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn, Jr.,* for plaintiff.

*William E. Boyle, William J. Carlos,* for defendants.