VICTOR TETREAULT *vs.* ADOLPHE DUCHESNE.

JULY 2, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

Moss, J. This is an action of trespass on the case wherein the plaintiff seeks to recover damages for serious personal injuries sustained by him in a fall from a seven-passenger automobile, which was licensed as a public carrier, in which he was then riding as a passenger for hire and which was being operated by the defendant on a public highway. In his declaration the plaintiff alleges that the defendant "operated his said vehicle in such careless and negligent manner that the plaintiff was caused to lose his balance, and his hand to slip against the door handle to his right side,

whereby said door suddenly opened, and said plaintiff was thrown with great force and violence out of said vehicle and to the hard pavement of said highway". There is no other allegation of negligence by the defendant.

The defendant filed a plea of not guilty and the case was tried before a justice of the superior court and a jury, which returned a verdict for the plaintiff in the sum of $4500. The defendant did not move for a new trial, but brought the case to this court upon a bill of exceptions, in which the only exception relied upon before us was to the denial of his motion, made at the close of the evidence for both parties, that the trial justice direct the jury to return a verdict for the defendant.

A great many of the facts in the case were shown by uncontradicted evidence. The plaintiff, on the afternoon of the accident, finished his work at a factory in the village of Ashton in this state and walked to a highway near by, where he intended to take a bus to his home in Manville, farther north. The defendant then drove up from the south in his seven-passener automobile, above described, stopped where the plaintiff stood, and asked him if he wanted to get in.

The plaintiff then paid the fare, got into the car, through the rear one of the two doors on the right-hand side of the car, the handle evidently being on the front side of the door, closed the door behind him and sat down on the right side of the rear seat. To his left, on the same seat, sat two sisters who were respectively nineteen and twenty years old. The only other passenger was a young man, sitting on the front seat, to the right of the defendant, who had remained at the wheel while the plaintiff got into the car, closed the door and sat down.

The defendant then drove on; and after the car had gone a considerable distance towards Manville the plaintiff wished to speak to the defendant and tell him to bring the plaintiff, on the next morning, to the latter's place of work. Being very deaf, the plaintiff leaned well forward and put his

left hand on the back of the front seat. He then spoke to the defendant. As to what happened next the plaintiff testified as follows: "I put my right hand on the window of the door, and there is a curve there, the door opened, I tried to catch it so to pull it back, but the wind was so hard it pulled me out." In speaking of a curve, he evidently meant a curve in the road. Throughout his testimony he did not vary from this account of how the accident happened.

In their testimony each of the two girls who sat on the back seat, to his left, gave the same account as the other, of the events which just preceded and led to the plaintiff's fall. They testified that he leaned over forward, put his left hand on the back of the front seat, rose from his seat and had his right hand on the handle of the door; that he was talking to the defendant and, as the car entered a short curve, the plaintiff swayed, his weight went onto the handle and opened the door; and he held onto the handle and went out into the road. One of the girls testified also that the distance between the front and back seats was just about thirty-one inches and that the middle seats were folded down. This latter testimony, as to the car, was not contradicted.

In the declaration there is no allegation that the defendant was guilty of negligence in having a defective door or latch or in not making sure that the door through which the plaintiff entered the car was latched securely, when the plaintiff was inside; but the asserted liability of the defendant for the plaintiff's injuries is, as above stated, based solely on the allegations that by the defendant's negligent operation of the car the plaintiff "was caused to lose his balance, and his hand to slip against the door handle to his right side, whereby said door suddenly opened" and he was thrown with great force and violence out of the car.

It is well settled by numerous opinions of this court that if a plaintiff alleges in his declaration negligence by the defendant in certain particulars as the sole foundation of the action, negligence in these particulars must be proven

to sustain the action. *McGinn* v. *U. S. Finishing Co.,* 27 R. I. 58; *Capuano* v. *American Locomotive Co.,* 31 R. I. 166, 170; *Shea* v. *First National Stores, Inc.,* 63 R. I. 85; *Collins* v. *Palmer,* 70 R. I. 143, 37 A. 2d 658.

In our opinion the evidence does not support the particular negligence alleged in the declaration. Neither the testimony of the plaintiff nor that of either of the girl witnesses as to how the accident happened supports the allegation of any such negligence.

In the instant case there was no evidence that the curvature in the road was great at the place where the plaintiff lost his balance. Indeed the evidence was to the contrary. Nor was there any evidence that the speed of the car was then excessive or that it was so operated as to cause an unusual and sudden lurch, which would be likely to result in an injury to the plaintiff in the manner alleged in his declaration.

Hence, we are convinced that from the evidence in the case the jury could not reasonably have found that the defendant did not use due care in the operation of the car and was guilty of negligence in the particulars set forth in the declaration. We therefore are of the opinion that the defendant's exception to the denial by the trial justice of the defendant's motion for the direction of a verdict in his favor should be sustained.

In the course of his argument before us the attorney for the plaintiff orally requested, merely in a general way, that he be allowed to amend the declaration to conform with the evidence. But he did not point out wherein the evidence would support any allegation of negligence which might be made in an amended declaration. Under such circumstances we are of the opinion that his general request cannot properly be granted.

The defendant's exception to the denial of his motion for the direction of a verdict in his favor is sustained.

The plaintiff may, if he shall see fit, appear before this court on July 9, 1945, to show cause, if any he has, why the

case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Eugene L. Jalbert,* for plaintiff.

*Henry M. Boss,* for defendant.